UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF TEXAS

SAN ANTONIO DIVISION

Filed 5-18-06

Clerk, U. S. District Court
Western District of Texas

By _____
Deputy

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ISRAEL SOTO (1),<br><br>Defendant. | CRIM. NO. SA-04CR-606 XR |

## PLEA AGREEMENT

The United States of America, by and through its undersigned attorney, and the Defendant, Israel Soto, individually and by and through Bernard Campion, Attorney for the Defendant, hereby enter into the following plea agreement in the above-referenced cause:

## 1. Defendant's Agreement to Plead Guilty:

Defendant agrees to plead guilty to **Count Two** of the Indictment, which charges the Defendant with **Conspiracy to Escape from Federal Custody**, in violation of Title 18, United States Code, Sections 371 & 751(a).

The Government will move to dismiss Count One of the Indictment against the Defendant after he has been sentenced pursuant to this agreement.

## 2. Punishment to be Imposed:

The Defendant understands that the sentence imposed in his case will be determined by reference to the United States Sentencing Guidelines. The Defendant stipulates that no person has specifically promised what sentence the Defendant will receive. The Defendant understands that the

punishment that could be imposed for the crime(s) to which the Defendant is pleading guilty is:

**(1) a maximum term of imprisonment of five years imprisonment;**
**(2) a maximum fine of $250,000;**
**(3) a maximum term of supervised release of three years;**
**(4) and a mandatory $100.00 special assessment pursuant to the Victims of Crimes Act**

The Defendant acknowledges that the Defendant has discussed this range of punishment with the Defendant's attorney, and still wants to plead guilty in this case.

### 3. Factual Basis for Plea:

The Defendant agrees and stipulates as part of this plea agreement to the following facts:

During September 2004, Israel Soto, Jimmy Zavala, Gerardo Sanchez, and David Straughn, were in federal custody in the GEO Group facility after having been ordered detained by a United States Magistrate for federal offenses. Beginning in early September, 2004, these inmates conspired and prepared to escape from custody. The inmates recruited Paula Soto and Estella Soto, who were not in custody at that time, to assist them in the escape attempt.

On September 11, 2004, Israel Soto called Paula Soto and communicated escape plans to her on the telephone. On the morning of September 18, 2004, Israel Soto called his wife Estella Soto and instructed her to "drop the baby off at the baby sitters." Israel Soto told her to make sure the baby had a diaper bag and to tip the waiter. Estella Soto asked: "Everything the same as the last time?" A few minutes later Israel Soto called Paula Soto. Paula Soto said, "Estella wanted to know what time we're supposed to go out tonight." Israel Soto told her 9:00. That evening at 9:52 PM, Gerardo Sanchez called Paula Soto's phone number and Estella Soto answered. Gerardo Sanchez asked if the baby was at the baby sitters. Estella Soto replied, "It is ready to go with diapers and everything."

At 12:15 AM on September 19, 2004, a Wakenhut guard was making his rounds in the jail tank that housed Israel Soto, Jimmy Zavala, Gerardo Sanchez, and David Straughn. The guard noticed that someone was in the shower and when he went to investigate, David Straughn jumped out from behind the shower curtain and assaulted him. The guard managed to run away and activate his panic button. Straughn ran to a control box and appeared to be trying to operate the controls that open the cell doors. Straughn was unable to open the cell doors. Straughn then tried to hang himself with a sheet. Later guards found a dummy made from newspapers and clothes in Straughn's bed.

A federal investigation revealed that David Straughn had been conspired with the co-defendants in this cause in the escape attempt. Investigation also revealed that Gerardo Sanchez had first devised the escape plan and that all of the co-defendants actively participated in the escape plot. The plan called for Estella Soto and Paula Soto to assist in the escape by leaving a car containing cash near the GEO Facility. One of the incarcerated conspirators was to assault and incapacitate a jail guard. Israel Soto, Gerardo Sanchez, Jimmy Zavala, and David Straughn would then remove a metal grate from a window in the GEO Facility and use sheets tied together to lower themselves to the ground.

2

The Defendant agrees and stipulates that the allegations in Indictment are true, that is, that the conspirators named in the Indictment, and others not named, conspired in the escape attempt from the GEO Facility by inmates held there lawfully.

## 4. Defendant's Agreement:

Defendant agrees to thoroughly and truthfully debrief with the United States Attorney for the Western District of Texas as to all criminal transactions known to the Defendant, including all such transactions in which the Defendant was involved. It is agreed that any such statement made by the Defendant will not be used by the Government to institute additional charges against the Defendant or increase the Defendant's applicable guideline sentencing range (See U.S.S.G. § 1B1.8). The Government may, however, use the information to impeach the Defendant or a defense witness at trial or at sentencing in this or any other cause should the plea agreement be withdrawn.

The Defendant further agrees to fully cooperate in the investigation and prosecution of any and all criminal activity known to the Defendant. Such cooperation includes, but is not limited to, Defendant's truthful testimony in Federal or State court, before a grand jury and/or at any administrative hearing concerning any illegal matter known to the Defendant. The Defendant understands and agrees that this agreement requires that the Defendant be completely truthful in disclosing all information to agents, and that the Defendant be completely truthful in any testimony given pursuant to this agreement.

## 5. Defendant's Waiver of Right to Appeal or Challenge Sentence:

The Defendant is aware that the Defendant's sentence will be imposed with reference to the Federal Sentencing Guidelines and Policy Statements, which may be up to the maximum allowed by statute for the Defendant's offense. The Defendant is also aware that the sentence to be imposed does not provide for parole. Knowing these facts, the Defendant agrees that this Court has

3

jurisdiction and authority to impose any sentence within the statutory maximum set for the Defendant's offense, including a sentence determined by reference to the Guidelines, and the Defendant expressly waives the right to appeal the Defendant's sentence on any ground, including any appeal right conferred by 18 U.S.C. §3742. Similarly, the Defendant agrees not to contest the Defendant's sentence or the manner in which it was determined in any post-conviction proceeding, including, but not limited to, a proceeding under 28 U.S.C. §2255; provided, however, that consistent with principles of professional responsibility imposed on the Defendant's counsel and counsel for the Government, the Defendant does not waive the Defendant's right to challenge his sentence to the extent that it is the result of a violation of the Defendant's constitutional rights based on claims of ineffective assistance of counsel or prosecutorial misconduct of constitutional dimension.

The Defendant waives his rights to challenge the sentence imposed, knowing that the Defendant's sentence has not yet been determined by the Court. The Defendant is aware that any estimate of the probable sentencing range that the Defendant may receive from his counsel, the Government or the probation office, is not a promise, did not induce the Defendant's guilty plea or this waiver and is not binding on the Government, the probation office, or the Court. In other words, the Defendant understands that he cannot challenge the sentence imposed by the District Court, even if it differs substantially from any sentencing range estimated by the Defendant's attorney, the attorney for the Government or the Probation Officer. Realizing the uncertainty in estimating what sentence he will ultimately receive, the Defendant knowingly waives his right to appeal the sentence or to contest it in any post-conviction proceeding in exchange for the concessions made by the Government in this agreement. The Defendant stipulates that he has consulted with his attorney as

4

to the effect of this waiver.

**6. Defendant's Acknowledgment of Effective Assistance of Counsel:**

The Defendant acknowledges that he has reviewed the merits of the charges and all possible defenses that he may have with his attorney, including his right to file a motion to suppress requesting the court to rule on the legality of his arrest and the seizure of any evidence to be used in this case. The Defendant acknowledges that he has had sufficient time to consult with his attorney on these matters, and he believes he has received effective assistance of counsel. The Defendant knowingly waives his right to file such pretrial motions, and/or to have a hearing on any such pretrial motion, and to have a trial on the charges brought against him in this case.

**7. Government's Agreement:**

In exchange for the Defendant's agreement, as set forth above, the United States Attorney for the Western District of Texas agrees that it will make known to the Court at the time of the Defendant's sentencing hearing the extent of the Defendant's cooperation, if any, should the Defendant request.

The Government does not oppose a sentence in the bottom end of the applicable Sentencing Guidelines, *& that sentence run concurrently w/ sentence in SAO4CR 396. Bottom of guidelines.* Additionally, in the event the Defendant fully complies with this agreement and provides, prior to and/or after his sentencing, "substantial assistance" to law enforcement officers in their investigative efforts, the United States Attorney for the Western District of Texas agrees to consider, at the Government's option, filing a motion for downward departure pursuant to Section 5K1.1 of the United States Sentencing Guidelines or Rule 35 of the Federal Rules of Criminal Procedure, respectively. It is understood that it is within the sole discretion of the Government as to whether

5

to file such motion. It is understood that the United States anticipates that such "substantial assistance" would lead to the prosecution of others involved in criminal activity, as opposed to mere intelligence information.

The Defendant understands that it is within the complete discretion of the Court as to the sentence to be imposed on the Defendant. The Defendant will not be permitted to withdraw his agreement to plead guilty because of the Court's decision in imposing such sentence. Moreover, the Government reserves the right to advocate in support of the Court's judgment should this case be presented to an appellate court.

## 8. Reservation of Rights:

The Government and Defendant each reserve the right to: (1) bring its version of the facts of this case to the attention of the probation office in connection with that office's preparation of a pre-sentence report; (2) dispute sentencing factors or facts material to sentencing in the pre-sentence report; and (3) seek resolution of such factors or facts in conference with opposing counsel and the United States Probation Office. All parties reserve full rights of allocution as to the appropriate sentence the Defendant should receive, unless otherwise provided above. This constitutes the entire agreement between the parties.

DATE: 5-18 , 2006

JOEY CONTRERAS
Assistant U.S. Attorney

DATE: 5-18-06, 2005

BERNARD CAMPION
Attorney for Defendant

**I HAVE READ (OR HAD READ TO ME) THE ABOVE PLEA AGREEMENT IN ITS ENTIRETY AND AGREE TO THE TERMS SET FORTH IN IT. ADDITIONALLY, I HAVE READ (OR HAD READ TO ME) THE FACTUAL BASIS CONTAINED HEREIN**

**AND AGREE TO THE FACTS SET FORTH IN THE FACTUAL BASIS.**

DATE: 5-18-06, ~~2005~~

_Israel Soto_
ISRAEL SOTO
Defendant