PROB 12B
(7/93)

# UNITED STATES DISTRICT COURT

for

WESTERN DISTRICT OF TEXAS

FILED

2011 AUG -9 A 10: 26

CLERK, US DISTRICT COURT
WESTERN DISTRICT OF TEXAS

BY_____
DEPUTY

## Request for Modifying the Conditions or Term of Supervision
### with Consent of the Offender
*(Probation Form 49, Waiver of Hearing is Attached)*

Name of Offender: Israel Soto     Case Number: SA-04-CR-606 (1) FB
     Aliases: "Pequin" Soto, "Pequiringo" Soto, "Easy"

Name of Sentencing Judicial Officer: Fred Biery, Chief United States District Judge

Date of Original Sentence: August 4, 2006

Original Offense: Conspiracy to Escape from Custody, in violation of 18 U.S.C. §§ 371 and 751(a).

Original Sentence: Sixty (60) months imprisonment to be served concurrently with the term of imprisonment imposed in SA-04-CR-396 (6) and consecutively with the term of imprisonment imposed in SA-97-CR-218 (2); three (3) year term of supervised release to run concurrently to the terms of supervised release imposed in SA-04-CR-396 (6) and SA-97-CR-218 (2); $100 special assessment; substance abuse treatment and testing; and no association with any gang member.

Type of Supervision: Supervised Release     Date Supervision Commenced: August 11, 2010

## PETITIONING THE COURT

☐ To extend the term of supervision for _____ years, for a total term of _____ years.
☑ To modify the conditions of supervision as follows:

**"The defendant shall reside in Crosspoint, Inc. for a period of 120 days to commence immediately and shall observe the rules of that facility. Further, once employed, the defendant shall pay 25% of his weekly gross income for his subsistence as long as that amount does not exceed the daily contract rate."**

PROB 12B
(7/93)

## CAUSE

From January to May 2011, the offender submitted three diluted urine specimens. As a result, in June 2011, the probation office used a sweat patch for drug testing purposes. A sweat patch was applied to the offender's arm for a one week period on June 9, and another on June 16, 2011. Both sweat patches were confirmed positive for cocaine by PharmChem, Inc. Also, a urine specimen collected on June 16, 2011 was positive for opiates, and a specimen collected on July 6, 2011 was positive for cocaine.

On July 11, 2011, the offender was confronted about the aforementioned drug test results. Initially, he denied drug use and indicated the same on his monthly supervision report. He attributed the positive results to prescription medication. However, after some discussion, he verbally admitted to the use of cocaine on/about July 6, 2011. During a subsequent office visit on July 29, 2011, the offender signed an admission form for the July 6, 2011 specimen. He continues to deny the sweat patch results.

Based on the offender's drug use and with concurrence from the U.S. Attorney's Office, the probation office is respectfully recommending a modification of the offender's conditions to include 120 days in the halfway house. This will allow the offender to continue drug treatment and testing services, and allow him to focus his efforts on maintaining sobriety and securing appropriate employment. The offender has agreed to the modification. A Probation Form 49, Waiver of Hearing to Modify Conditions, is attached.

Approved:

M. Katherine Matheny
Supervising U.S. Probation Officer
Telephone: (210) 472-6590, Ext. 5341

Respectfully submitted,

Ruth Caballero
U.S. Probation Officer
Telephone: (210) 472-6590, Ext. 5340
Date: August 8, 2011

RLC

cc:  Charlie Strauss
     Assistant U.S. Attorney

     Victor A. Casillas
     Assistant Deputy Chief U.S. Probation Officer

---

THE COURT ORDERS:

☐ No action.

☐ The extension of supervision as noted above.

☑ The modification of conditions as noted above.

☑ Other   *warrant to issue*
          *on next violation*

Fred Biery
Chief U.S. District Judge

August  9  , 2011
Date

PROB 49
(3/89)

# UNITED STATES DISTRICT COURT
## Western District of Texas

### Waiver of Hearing to Modify Conditions
### of Probation/Supervised Release or Extend Terms of Supervision

I have been advised and understand that I am entitled by law to a hearing and assistance of counsel before any unfavorable change may be made in my Conditions of Probation and Supervised Release or my period of supervision being extended. By "assistance of counsel," I understand that I have the right to be represented at the hearing by counsel of my own choosing if I am able to retain counsel. I also understand that I have the right to request the court to appoint counsel to represent me at such a hearing at no cost to myself if I am not able to retain counsel of my own choosing.

I hereby voluntarily waive my statutory right to a hearing and to assistance of counsel. I also agree to the following modification of my Conditions of Probation and Supervised Release or to the proposed extension of my term of supervision:

**The defendant shall reside in Crosspoint, Inc. for a period of 120 days to commence immediately and shall observe the rules of that facility. Further, once employed, the defendant shall pay 25% of his weekly gross income for his subsistence as long as that amount does not exceed the daily contract rate.**

Witness: _____  Signed: _____
Ruth Caballero                                           Israel Soto
U.S. Probation Officer

_____
7-29-11
Date